IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMIR HAKIM MCCAIN a/k/a** | : | **CIVIL ACTION** |
| **JOHN MCCAIN** | : | |
| | : | |
| v. | : | |
| | : | |
| **DEFENDER ASSOCIATION OF** | : | NO. 14-1453 |
| **PHILADELPHIA, et al.** | : | |

MEMORANDUM

ROBRENO, J.  MARCH 13, 2014

Amir Hakim McCain also known as John McCain, a prisoner incarcerated at the State Correctional Institution at Smithfield, filed this civil action against the Defender Association of Philadelphia and Dennis Kelly. Currently before the Court is plaintiff's motion to proceed *in forma pauperis*. For the following reasons, the Court will deny the motion pursuant to 28 U.S.C. § 1915(g).

According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*,

1

715 F.3d 117, 126 (3d Cir. 2013). Plaintiff had accumulated at least three "strikes" for purposes of 28 U.S.C. § 1915(g) at the time he filed this action. *See McCain v. Episcopal Hosp.*, 3d Cir. No. 09-3092 (judgment entered Oct. 29, 2009, dismissing appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *McCain v. Abraham*, 337 F. App'x 141 (3d Cir. 2009) (dismissing appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *McCain v. Episcopal Hosp.*, E.D. Pa. Civ. A. No. 2385 (order entered July 6, 2009, dismissing complaint as legally frivolous); *McCain v. Episcopal Hosp.*, E.D. Pa. Civ. A. No. 09-785 (order entered Apr. 27, 2009, dismissing complaint as legally frivolous). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint. However, nothing in the complaint, which raises claims that plaintiff was denied access to the courts, establishes that plaintiff was in any danger at any time. Accordingly, the Court will deny him leave to proceed *in forma pauperis*. An appropriate order follows.